UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUEZ WATER ENVIRONMENTAL SERVICES, INC.,<br><br>Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Suez Water Environmental Services, Inc. ("SWES" or "Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1367, 1441, and 1446 and hereby removes this action from the Massachusetts Superior Court, Hampden County, to the United States District Court for the District of Massachusetts. As grounds for removal, Defendant states as follows:

1. On February 4, 2022, Plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore and Richard Ruppert commenced a civil action against SWES in Hampden County Superior Court entitled *Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore and Richard Ruppert, on behalf of themselves and all others similarly situated v. Suez Water Environmental Services Inc.*, Civil Action No. 2279CV00091 (the "State Court Action").

2. SWES was served with the Summons, Complaint, Civil Cover Sheet and Tracking Order on February 24, 2022. A true and correct copy of the Summons, Complaint, Civil Action

Cover Sheet and Tracking Order is attached hereto as **Exhibit A** and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

3. On March 15, 2022 SWES filed an assented-to motion for an extension of time to answer or otherwise respond to the Complaint until April 6, 2022, which the Superior Court granted. The response to the complaint is currently due on April 6, 2022.

4. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

5. This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy for one or more of the Plaintiffs exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiffs all live in Massachusetts. Compl. ¶¶ 2-5.

7. Thus, plaintiffs are citizens of the Commonwealth of Massachusetts.

8. Defendant Suez Water Environmental Services Inc. is a Delaware corporation with a principal place of business in Wilmington, Delaware.

9. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). SWES is a corporation organized under the laws of the Delaware, with a principal place of business in Delaware.

10. Thus, there is complete diversity among the parties.

11. Diversity of citizenship existed between the parties at the time Plaintiffs' Complaint was filed. Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

12. The amount in controversy for one or more of the Plaintiffs exceeds $75,000.

13. Under Count I of Plaintiffs' Complaint, Plaintiffs allege that Defendant failed to pay the prevailing wage rates pursuant to Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§ 26 through 27D, for performing certain types of work. (Compl. ¶¶ 16-19).

14. Plaintiffs' potential damages would be the prevailing wages they allege they were owed but were not paid, less any wages actually paid to them.

15. While SWES denies any liability, based on the allegations of the Complaint, SWES calculates that Plaintiff Ruppert's potential unpaid prevailing wages would be $26,734.06 and Plaintiff Nicholls' potential unpaid prevailing wages would be $23,452.80.

16. Plaintiffs also seek treble damages pursuant to M.G.L. c. 149, § 150. "When a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013). Plaintiff Ruppert's potential damages, including trebling, would be $80,202.19 and Plaintiff Nicholls' potential unpaid prevailing wages would be $70,358.39.

17. Plaintiffs also seek attorneys' fees and costs. Attorneys' fees are included in determining the amount in controversy. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n. 15 (1st Cir. 2014).

18. In *Dame v. Neenha Paper, Inc.*, 4:16-cv-40029-TSH, ECF no. 65 (Apr. 2, 2017), the Court approved an hourly rate of $350 / hour for Plaintiffs' counsel in this case, Terence Coles. Given the complexity of this putative class action, at this hourly rate, attorneys' fees in this matter will likely be substantial.

19. In light of the foregoing, there is more than a reasonable probability that the amount in controversy at least with respect to Plaintiffs Ruppert and Nicholls exceeds $75,000.00, exclusive of interest and costs.

20. Furthermore, the Court has supplemental jurisdiction over the allegations of Plaintiffs Dinsmore and Goodrow. 28 U.S.C. § 1367(a); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005). The claims of Plaintiffs Dinsmore and Goodrow arise from the same case or controversy as the claims of Plaintiffs Ruppert and Nicholls because they arise from the same exact allegations and legal theories. There is no distinction made in the Complaint between the allegations or theories of the Plaintiffs. Therefore, this Court has supplemental jurisdiction over Plaintiffs Dinsmore and Goodrow. *Id.*

21. Accordingly, this Court has jurisdiction over the Pending Action pursuant to 28 U.S.C. § 1332(a).

22. The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Superior Court for Hampden County, Massachusetts, which lies within this District.

23. A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, upon the Clerk of the Hamden Superior Court for filing in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

24. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via email upon Plaintiff.

WHEREFORE, Suez Water Environmental Services Inc. respectfully requests that the State Court Action be removed and hereinafter proceed in the United States District Court for the District of Massachusetts.

Respectfully submitted,

**SUEZ WATER ENVIRONMENTAL SERVICES, INC.**

By its attorneys,

*/s/ Stephen T. Melnick*
Stephen T. Melnick (BBO No. 667323)
smelnick@littler.com
Shea A. Miller (BBO No. 699326)
samiller@littler.com

**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052

Dated:  March 25, 2022

**CERTIFICATE OF SERVICE**

    I, Stephen T. Melnick, hereby certify that on this 25th day of March 2022, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing, as well as via e-mail to plaintiff's counsel of record:

    Terence B. Coles
    PYLE ROME EHRENBERG PC
    2 Liberty Square, 10th Floor
    Boston, MA 02109
    tcoles@pylerome.com

                                               */s/ Stephen T. Melnick*
                                               Stephen T. Melnick

4893-4570-0629.1 / 068233-1025