

Pyle Rome Ehrenberg PC

Terence E. Coles
Alfred Gordon O'Connell
Tod A. Cochran
Patrick N. Bryant
Ian O. Russell
James Hykel
G. Alexander Robertson

*Warren H. Pyle (1933-2019)*
*David B. Rome, retired*
*Betsy Ehrenberg, retired*

February 23, 2022

**SERVED IN HAND VIA SHERIFF DEPARTMENT**
SUEZ Water Environmental Services, Inc.
**C/O Registered Agent:**
Corporation Service Company
84 State Street, #660
Boston, MA 02109

    Re:    Jeremiah Nicholls, et al. v. SUEZ Water Environmental Services, Inc.
             Hampden Superior Court Civil Action No. 2279CV00091

Dear Sir or Madam:

Enclosed as served in connection with the above referenced matter, please find:

1. Summons;
2. Complaint;
3. Civil Action Cover Sheet; and
4. Civil Tracking Order

Thank you.

                                      Sincerely yours,

                                      /s/Jo Fletcher
                                      Assistant to Terence E. Coles

Enclosures

Mailing Address:

2 Liberty Square, 10th Floor    100 Main Street, 3rd Floor    29 Pine Street              pylerome.com
Boston, MA 02109                Northampton, MA 01060         Burlington, VT 05401
617.367.7200 (tel)              413.586.5097 (tel)            802.652.5124 (tel)
617.367.4820 (fax)              413.584.1529 (fax)            802.652.5125 (fax)



TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS


COPY

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
2279CV00091

JEREMIAH NICHOLLS, WALTER GOODROW,
WESLEY DINSMORE and RICHARD RUPPERT,
on behalf of themselves and all others, PLAINTIFF(S)
similarly situated

V.

SUMMONS

SUEZ WATER ENVIRONMENTAL SERVICES, INC., DEFENDANT(S)

To the above named defendant: SUEZ WATER ENVIRONMENTAL SERVICES, INC.

You are hereby summoned and required to serve upon Terence E. Coles, Pyle Rome Ehrenberg plaintiff's attorney, whose address is 2 Liberty Square, 10th Floor, Boston, MA 02109 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the ___17th___ day of __February__ in the year of our Lord two thousand and twenty-two.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

A true copy Attest:
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.



## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20____, I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated: _____, 20____

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

(                              )
(                    , 20    )
(                              )



## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                            Superior Court
                                                        Civil Action No. 22 0031

)
JEREMIAH NICHOLLS, WALTER GOODROW, )
WESLEY DINSMORE and RICHARD         )
RUPPERT,                            )        HAMPDEN COUNTY
on behalf of themselves and all others )     SUPERIOR COURT
similarly situated,                  )          **FILED**
                                    )
                   Plaintiffs,      )         FEB 04 2022
                                    )
          v.                        )
                                    )         CLERK OF COURTS
SUEZ WATER ENVIRONMENTAL            )
SERVICES INC.,                      )
                   Defendant.       )
                                    )

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore, and Richard Ruppert on behalf of themselves and a class of employees challenging Defendant SUEZ Water Environmental Services, Inc.'s ("SUEZ") failure to pay the prevailing wage rates required pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26-27D. Plaintiffs seek restitution for themselves and all other similarly situated individuals whom the Defendant has deprived of prevailing wages. The Plaintiffs also seek statutory trebling of all prevailing wage-related damages, as well as attorneys' fees and costs, as provided for by law.

### II. PARTIES

2. Plaintiff Jeremiah Nicholls is an adult resident of South Hadley, Massachusetts. Plaintiff Nicholls has worked as a Mechanic/Machinist for Defendant from August 3, 2020 to the present.

3. Plaintiff Walter Goodrow is an adult resident of Chicopee, Massachusetts. Plaintiff Goodrow has worked as an Operator for Defendant from June 1, 2020 to the present.

4. Plaintiff Wesley Dinsmore is an adult resident of Ware, Massachusetts. Plaintiff Dinsmore has worked as a Craftsman for Defendant from November 11, 2021 to the present.

5. Plaintiff Richard Ruppert is an adult resident of Holyoke, Massachusetts. Plaintiff Ruppert has worked as a Machinist/Mechanic for the Defendant from June 2014 to February 2021 and as a Maintenance Foreman for Defendant from February 2021 to the present.

6. The above-named plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other employees who have been denied prevailing wages by Defendants which they are entitled to.

7. Defendant SUEZ Water and Environmental Services Inc. is a corporation with a principal place of business at Bondi's Island, Agawam, Massachusetts.

### III. **STATEMENT OF FACTS**

8. The Springfield Water and Sewer Commission (the "Commission") is a public authority that oversees and maintains drinking water and wastewater systems with physical assets located in seven communities in the lower Pioneer Valley, including the Springfield Regional Wastewater Treatment Facility on Bondi's Island in Agawam, Massachusetts (the "Bondi Island Facility").

9. Pursuant to Chapter 155 of the Acts of 1997 ("Chapter 155"), the Commission is authorized to enter into contracts for the operation of the Bondi Island Facility and, pursuant to Section 6 of Chapter 155, those contracts must comply with the Massachusetts Prevailing Wage Law, M.G.L. c. 149, Sections 26 to 27H.

2

10. On or about July 31, 2019, pursuant to Chapter 155, the Commission issued its Request for Proposals for Wastewater Services to operate the Bondi Island facility ("the RFP").

11. On or about September 13, 2019, the Commission issued Addendum #2 to the RFP. Included in Addendum #2 are the Commonwealth of Massachusetts Prevailing Wage Rates.

12. On or about December 6, 2019, SUEZ submitted its proposal responding to the RFP.

13. On or about February 14, 2020, the Commission determined that SUEZ's proposal was the most advantageous proposal received by the Commission and thereafter commenced contract negotiations.

14. On or about October 1, 2020, the Commission and SUEZ entered into a service contract regarding the operation of the Bondi Island facility that includes Prevailing Wage Rates.

15. From October 1, 2020 to the present, Plaintiffs have performed construction work, for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law.

16. Plaintiffs construction work for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law includes but is not limited to rebuilding wastewater pumps, installing new pipes and pumps, installing and fixing electrical components that include wire, boxes and lights, fixing and repairing wastewater basin bridges, welding, metal fabrication, driving mechanics and pickup trucks and vans to do their jobs, fixing and repairing broken sidewalks and buildings, concrete, metal and wood, repairing broken metal and PVC lines, deragging and repairing clogged pumps and pipes, installing and repairing dewatering pumps and concrete work demolition and repair and new installation.

3

17. From October 1, 2020 to the present, Plaintiffs have not been paid the prevailing wage rates required under the Law for their construction work.

18. Plaintiffs have made numerous requests to SUEZ to be paid the prevailing wages for their work and SUEZ has repeatedly denied these requests.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 §27, Plaintiffs filed their statutory claims with the Office of the Attorney General. The Office of the Attorney General issued a right to sue letters.

## COUNT I

## MASSACHUSETTS PREVAILING WAGE LAW

20. Defendant's conduct in failing to pay the Plaintiffs the prevailing wage rates, as set forth above, violates the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. A declaratory judgment that Plaintiffs and similarly situated employees are performing work for Defendant that must be compensated pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D;

2. Restitution for all damages incurred, and for any lost wages and other benefits that are due to the Plaintiffs and similarly situated employees pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D;

3. Statutory trebling of damages for any lost wages and other benefits;

4. The costs of litigation and attorneys' fees and costs;

5. Any other relief to which the Plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE, and RICHARD RUPPERT,

and all others similarly situated,

By their attorneys,

/s/Terence E. Coles
Terence E. Coles, BBO # 600084
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA  02109
(617) 367-7200
tcoles@pylerome.com

Dated: February 3, 2022

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22 0091 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Hampden Superior Court (Springfield) |

| Plaintiff | JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated | Defendant: | SUEZ WATER ENVIRONMENTAL SERIVES, INC. |
|---|---|---|---|
| ADDRESS: | c/o Pyle Rome Ehrenberg PC | ADDRESS: | 2000 FIRST STATE BLVD WILMINGTON, DE 19804 |
| | | | HAMPDEN COUNTY SUPERIOR COURT FILED FEB 04 2022 |
| Plaintiff Attorney: | TERENCE E. COLES, ESQ. | Defendant Attorney: | |
| ADDRESS: | PYLE ROME EHRENBERG PC 2 LIBERTY SQUARE, 10TH FLOOR BOSTON, MA 02109 | ADDRESS: | |
| BBO: | 600084 | BBO: | CLERK OF COURTS |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | OTHER- M.G.L. c. 149, sections 26-27D | F | ☐ YES ☒ NO |

*If "Other" please describe: Failure to pay prevailing wages.

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid prevailing wages-M.G.L. c. 149, sections 26-27D

#### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/Terence E. Coles   Date: 02/04/2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Hampden Superior Court (Springfield) |

| Plaintiff | JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated | Defendant: | SUEZ WATER ENVIRONMENTAL SERIVES, INC. |
|---|---|---|---|
| ADDRESS: | c/o Pyle Rome Ehrenberg PC | ADDRESS: | 2000 FIRST STATE BLVD WILMINGTON, DE 19804 |

| Plaintiff Attorney: | TERENCE E. COLES, ESQ. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | PYLE ROME EHRENBERG PC | ADDRESS: | |
| 2 LIBERTY SQUARE, 10TH FLOOR | | | |
| BOSTON, MA 02109 | | | |
| BBO: | 600084 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | OTHER- M.G.L. c. 149, sections 26-27D | F | ☐ YES  ☒ NO |

*If "Other" please describe: Failure to pay prevailing wages.

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid prevailing wages-M.G.L. c. 149, sections 26-27D

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  /s/Terence E. Coles    Date: 02/04/2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:02-04-2022 14:25:28

COPY

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2279CV00091 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Jeremiah Nicholls et al vs. Suez Water Environmental Services, Inc. | | Laura S Gentile, Clerk of Courts |
| TO: File Copy | | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION | DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/05/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 06/06/2022 | |
| All motions under MRCP 12, 19, and 20 | 06/06/2022 | 07/05/2022 | 08/03/2022 |
| All motions under MRCP 15 | 06/06/2022 | 07/05/2022 | 08/03/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 12/01/2022 | | |
| All motions under MRCP 56 | 01/03/2023 | 01/30/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/30/2023 |
| Case shall be resolved and judgment shall issue by | | | 02/05/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 02/08/2022 | Lois Cignoli | (413)735-6017 |

Date/Time Printed: 02-08-2022 12:18:20    SCV026\ 08/2018



## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.   Superior Court
Civil Action No. 22 0091

JEREMIAH NICHOLLS, WALTER GOODROW,
WESLEY DINSMORE and RICHARD
RUPPERT,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

SUEZ WATER ENVIRONMENTAL
SERVICES INC.,

        Defendant.

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB 04 2022

CLERK OF COURTS

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore, and Richard Ruppert on behalf of themselves and a class of employees challenging Defendant SUEZ Water Environmental Services, Inc.'s ("SUEZ") failure to pay the prevailing wage rates required pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26-27D. Plaintiffs seek restitution for themselves and all other similarly situated individuals whom the Defendant has deprived of prevailing wages. The Plaintiffs also seek statutory trebling of all prevailing wage-related damages, as well as attorneys' fees and costs, as provided for by law.

### II. PARTIES

2. Plaintiff Jeremiah Nicholls is an adult resident of South Hadley, Massachusetts. Plaintiff Nicholls has worked as a Mechanic/Machinist for Defendant from August 3, 2020 to the present.

3.  Plaintiff Walter Goodrow is an adult resident of Chicopee, Massachusetts. Plaintiff Goodrow has worked as an Operator for Defendant from June 1, 2020 to the present.

4.  Plaintiff Wesley Dinsmore is an adult resident of Ware, Massachusetts. Plaintiff Dinsmore has worked as a Craftsman for Defendant from November 11, 2021 to the present.

5.  Plaintiff Richard Ruppert is an adult resident of Holyoke, Massachusetts. Plaintiff Ruppert has worked as a Machinist/Mechanic for the Defendant from June 2014 to February 2021 and as a Maintenance Foreman for Defendant from February 2021 to the present.

6.  The above-named plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other employees who have been denied prevailing wages by Defendants which they are entitled to.

7.  Defendant SUEZ Water and Environmental Services Inc. is a corporation with a principal place of business at Bondi's Island, Agawam, Massachusetts.

### III. STATEMENT OF FACTS

8.  The Springfield Water and Sewer Commission (the "Commission") is a public authority that oversees and maintains drinking water and wastewater systems with physical assets located in seven communities in the lower Pioneer Valley, including the Springfield Regional Wastewater Treatment Facility on Bondi's Island in Agawam, Massachusetts (the "Bondi Island Facility").

9.  Pursuant to Chapter 155 of the Acts of 1997 ("Chapter 155"), the Commission is authorized to enter into contracts for the operation of the Bondi Island Facility and, pursuant to Section 6 of Chapter 155, those contracts must comply with the Massachusetts Prevailing Wage Law, M.G.L. c. 149, Sections 26 to 27H.

10. On or about July 31, 2019, pursuant to Chapter 155, the Commission issued its Request for Proposals for Wastewater Services to operate the Bondi Island facility ("the RFP").

11. On or about September 13, 2019, the Commission issued Addendum #2 to the RFP. Included in Addendum #2 are the Commonwealth of Massachusetts Prevailing Wage Rates.

12. On or about December 6, 2019, SUEZ submitted its proposal responding to the RFP.

13. On or about February 14, 2020, the Commission determined that SUEZ's proposal was the most advantageous proposal received by the Commission and thereafter commenced contract negotiations.

14. On or about October 1, 2020, the Commission and SUEZ entered into a service contract regarding the operation of the Bondi Island facility that includes Prevailing Wage Rates.

15. From October 1, 2020 to the present, Plaintiffs have performed construction work, for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law.

16. Plaintiffs construction work for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law includes but is not limited to rebuilding wastewater pumps, installing new pipes and pumps, installing and fixing electrical components that include wire, boxes and lights, fixing and repairing wastewater basin bridges, welding, metal fabrication, driving mechanics and pickup trucks and vans to do their jobs, fixing and repairing broken sidewalks and buildings, concrete, metal and wood, repairing broken metal and PVC lines, deragging and repairing clogged pumps and pipes, installing and repairing dewatering pumps and concrete work demolition and repair and new installation.

17. From October 1, 2020 to the present, Plaintiffs have not been paid the prevailing wage rates required under the Law for their construction work.

18. Plaintiffs have made numerous requests to SUEZ to be paid the prevailing wages for their work and SUEZ has repeatedly denied these requests.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 §27, Plaintiffs filed their statutory claims with the Office of the Attorney General. The Office of the Attorney General issued a right to sue letters.

## COUNT I

## MASSACHUSETTS PREVAILING WAGE LAW

20. Defendant's conduct in failing to pay the Plaintiffs the prevailing wage rates, as set forth above, violates the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. A declaratory judgment that Plaintiffs and similarly situated employees are performing work for Defendant that must be compensated pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D;

2. Restitution for all damages incurred, and for any lost wages and other benefits that are due to the Plaintiffs and similarly situated employees pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D;

3. Statutory trebling of damages for any lost wages and other benefits;

4. The costs of litigation and attorneys' fees and costs;

5. Any other relief to which the Plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE, and RICHARD RUPPERT,

and all others similarly situated,

By their attorneys,

/s/Terence E. Coles
Terence E. Coles, BBO # 600084
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA  02109
(617) 367-7200
tcoles@pylerome.com

Dated: February 3, 2022

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22 0091 | Trial Court of Massachusetts The Superior Court COPY |
|---|---|---|
| | | COUNTY Hampden Superior Court (Springfield) |

| Plaintiff | JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated | Defendant: | SUEZ WATER ENVIRONMENTAL SERIVES, INC. |
|---|---|---|---|
| ADDRESS: | c/o Pyle Rome Ehrenberg PC | ADDRESS: | 2000 FIRST STATE BLVD |
| | | | WILMINGTON, DE 19804 |
| | | | HAMPDEN COUNTY SUPERIOR COURT FILED |
| Plaintiff Attorney: | TERENCE E. COLES, ESQ. | Defendant Attorney: | |
| ADDRESS: | PYLE ROME EHRENBERG PC | ADDRESS: | FEB 04 2022 |
| 2 LIBERTY SQUARE, 10TH FLOOR | | | |
| BOSTON, MA 02109 | | | |
| BBO: | 600084 | BBO: | CLERK OF COURTS |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | OTHER- M.G.L. c. 149, sections 26-27D | F | ☐ YES  ☒ NO |

*If "Other" please describe: Failure to pay prevailing wages.

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid prevailing wages-M.G.L. c. 149, sections 26-27D

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  /s/Terence E. Coles          Date: 02/04/2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

Case 3:22-cv-30034-MGM Document 1-1 Filed 03/23/22 Page 18 of 19

| DOCKET NUMBER | Trial Court of Massachusetts |
|---|---|
| CIVIL ACTION COVER SHEET | The Superior Court |
| | COUNTY: Hampden Superior Court (Springfield) |



| | | | |
|---|---|---|---|
| **Plaintiff** | JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated | **Defendant:** | SUEZ WATER ENVIRONMENTAL SERIVES, INC. |
| ADDRESS: | c/o Pyle Rome Ehrenberg PC | ADDRESS: | 2000 FIRST STATE BLVD |
| | | | WILMINGTON, DE 19804 |
| **Plaintiff Attorney:** | TERENCE E. COLES, ESQ. | **Defendant Attorney:** | |
| ADDRESS: | PYLE ROME EHRENBERG PC | ADDRESS: | |
| 2 LIBERTY SQUARE, 10TH FLOOR | | | |
| BOSTON, MA 02109 | | | |
| BBO: | 600084 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | OTHER- M.G.L. c. 149, sections 26-27D | F | ☐ YES  ☒ NO |

*If "Other" please describe: Failure to pay prevailing wages.

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO

Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses _____
  2. Total doctor expenses _____
  3. Total chiropractic expenses _____
  4. Total physical therapy expenses _____
  5. Total other expenses (describe below) _____
  _____
  Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____
_____
TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid prevailing wages-M.G.L. c. 149, sections 26-27D

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/Terence E. Coles    Date: 02/04/2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:02-04-2022 14:25:28

COPY

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2279CV00091 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Jeremiah Nicholls et al vs. Suez Water Environmental Services, Inc. | | Laura S Gentile, Clerk of Courts |
| TO: File Copy | | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**  **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/05/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 06/06/2022 | |
| All motions under MRCP 12, 19, and 20 | 06/06/2022 | 07/05/2022 | 08/03/2022 |
| All motions under MRCP 15 | 06/06/2022 | 07/05/2022 | 08/03/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 12/01/2022 | | |
| All motions under MRCP 56 | 01/03/2023 | 01/30/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/30/2023 |
| Case shall be resolved and judgment shall issue by | | | 02/05/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 02/08/2022 | ASSISTANT CLERK Lois Cignoli | PHONE (413)735-6017 |
|---|---|---|

Date/Time Printed: 02-08-2022 12:18:20    SCV028 08/2018