# COMMONWEALTH OF MASSACHUSETTS
## HAMPDEN COUNTY
### Docket Report

**2279CV00091 Nicholls, Jeremiah et al vs. Suez Water Environmental Services, Inc.**

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 02/04/2022 |
| **ACTION CODE:** A99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Contract Action | |
| **CASE DISPOSITION DATE:** 03/25/2022 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 03/25/2022 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B - Ct. Rm. 8 |

## PARTIES

**Plaintiff**
Dinsmore, Wesley

**Attorney** 600084
Terence Coles
Pyle Rome Ehrenberg PC
Pyle Rome Ehrenberg PC
2 Liberty Square 10th Floor
Boston, MA 02109
Work Phone (617) 367-7200
Added Date: 02/04/2022

**Plaintiff**
Goodrow, Walter

**Attorney** 600084
Terence Coles
Pyle Rome Ehrenberg PC
Pyle Rome Ehrenberg PC
2 Liberty Square 10th Floor
Boston, MA 02109
Work Phone (617) 367-7200
Added Date: 02/04/2022

**Plaintiff**
Nicholls, Jeremiah

**Attorney** 600084
Terence Coles
Pyle Rome Ehrenberg PC
Pyle Rome Ehrenberg PC
2 Liberty Square 10th Floor
Boston, MA 02109
Work Phone (617) 367-7200
Added Date: 02/04/2022

**Plaintiff**
On behalf of themselves and all others similarly situated

**Plaintiff**
Ruppert, Richard

**Attorney** 600084
Terence Coles
Pyle Rome Ehrenberg PC
Pyle Rome Ehrenberg PC
2 Liberty Square 10th Floor
Boston, MA 02109
Work Phone (617) 367-7200
Added Date: 02/04/2022

**COMMONWEALTH OF MASSACHUSETTS**
**HAMPDEN COUNTY**
Docket Report

| **Defendant** | **Attorney** 667323 |
|---|---|
| Suez Water Environmental Services, Inc.<br>2000 First State Blvd.<br>Wilmington, DE 19804 | Stephen T Melnick<br>Littler Mendelson, PC<br>Littler Mendelson, PC<br>One International Place<br>Suite 2700<br>Boston, MA 02110<br>Work Phone (617) 378-6012<br>Added Date: 03/15/2022 |

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 02/08/2022 | Civil Filing Fee (per Plaintiff) Receipt: 29013 Date: 02/08/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 02/08/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 29013 Date: 02/08/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 02/08/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 29013 Date: 02/08/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 02/14/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 29068 Date: 02/14/2022 | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

# COMMONWEALTH OF MASSACHUSETTS
## HAMPDEN COUNTY
### Docket Report

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 02/04/2022 | 1 | Civil action cover sheet filed. | |
| 02/04/2022 | 2 | Complaint electronically filed. | |
| 02/04/2022 | | Case assigned to:<br>DCM Track F - Fast Track was added on 02/08/2022 | |
| 02/08/2022 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Terence Coles, Esq. tcoles@pylerome.com | |
| 03/04/2022 | 3 | Service Returned for<br>Defendant Suez Water Environmental Services, Inc.: Service through person in charge / agent;<br>(Bernardo Montanez) | |
| 03/15/2022 | 4 | Defendant Suez Water Environmental Services, Inc.'s Assented to Motion for extension of time to answer or otherwise respond to plaintiffs' complaint | |
| 03/15/2022 | | Attorney appearance<br>On this date Stephen T Melnick, Esq. added for Defendant Suez Water Environmental Services, Inc. | |
| 03/17/2022 | | Endorsement on Motion for extension of time to answer or otherwise respond to plaintiffs' complaint (#4.0): ALLOWED<br>(emailed 3/17/22)<br><br>Judge: McDonough, Jr., Hon. Edward J | McDonough |
| 03/25/2022 | 5 | Defendant Suez Water Environmental Services, Inc.'s Notice of filing of Notice of Removal w/Notice of Removal | |
| 03/25/2022 | | Event Result:: Final Pre-Trial Conference scheduled on:<br>   06/01/2023 02:00 PM<br>Has been: Canceled    For the following reason: Case Disposed<br>Hon. Edward J McDonough, Jr., Presiding | McDonough |
| 03/25/2022 | | Case transferred to another court. | |
| 03/28/2022 | | REMOVED to the U.S. District Court | |

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
day of

*Barbara Holubecki*
~~Deputy~~ Clerk
asst.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2279CV00091

JEREMIAH NICHOLLS, WALTER
GOODROW, WESLEY DINSMORE, and
RICHARD RUPPERT, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

SUEZ WATER ENVIRONMENTAL
SERVICES, INC.,

Defendant.

03/15/2022

**ASSENTED TO MOTION FOR EXTENSION OF TIME
TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT**

Defendant Suez Water Environmental Services, Inc., by and through its undersigned counsel, hereby move this Honorable Court for an extension of time, to and including April 6, 2022, to answer or otherwise respond to the Complaint of Plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Densmore and Richard Ruppert. As grounds for their Motion, Defendant states as follows:

1. On February 4, 2022, plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore and Richard Ruppert commenced a civil action against Defendant in Hampden County Superior Court entitled *Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore and Richard Ruppert, on behalf of themselves and all others similary situated v. Suez Water Environmental Services Inc.*, Civil Action No. 2282cv00035 (the "State Court Action").

2. Defendant Suez Water Environmental Services, Inc. was served with process of the Complaint and Summons on February 24, 2022.

3. Accordingly, the current deadline for Defendant Suez Water Environmental Services, Inc. to answer or otherwise respond to Plaintiffs' Complaint is March 16, 2022.

4. Defendant Suez Water Environmental Services, Inc. requires additional time to investigate and respond to the allegations in Plaintiffs' Complaint.

5. Accordingly, Suez Water Environmental Services, Inc. requests an extension of time to answer or otherwise respond to Plaintiffs' Complaint to and including April 6, 2022.

6. Plaintiffs assent to this Motion.

WHEREFORE, Defendant Suez Water Environmental Services, Inc. respectfully requests that the Court grant its motion for extension of time to answer or otherwise respond to Plaintiffs' Complaint to and including April 6, 2022.

| Assented to: | Respectfully submitted, |
|---|---|
| JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, | **SUEZ WATER ENVIRONMENTAL SERVICES, INC.** |
| By their attorneys, | By its attorneys, |
| /s/ Terence E. Coles<br>Terence E. Coles (BBO No. 600084)<br>tcoles@pylerome.com<br>**PYLE ROME EHRENBERG PC**<br>2 Liberty Square, 10th Floor<br>Boston, MA  02109<br>Phone:  617.267.7200 | /s/ Stephen T. Melnick<br>Stephen T. Melnick (BBO No. 667323)<br>smelnick@littler.com<br>**LITTLER MENDELSON, P.C.**<br>One International Place, Suite 2700<br>Boston, MA 02110<br>Phone 617.378.6000<br>Fax 617.737.0052 |

Dated: March 15, 2022

A true copy.
Attest:

Barbara Holubecki
~~Deputy~~ Assistant Clerk

## **CERTIFICATE OF SERVICE**

I, Stephen T. Melnick, hereby certify that, on this 15th day of March 2022, the foregoing document was filed through the Massachusetts Odyssey File and Serve system and served via e-mail upon Plaintiffs' counsel of record as follows:

Terence E. Coles
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA 02109
tcoles@pylerom.com

                                           */s/ Stephen T. Melnick*
                                           Stephen T. Melnick

4858-3604-5333.1 / 068233-1025

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAR 04 2022
CLERK OF COURTS

**HAMPDEN, ss**

**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**CIVIL ACTION NO.**
2279CV00091

JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated, PLAINTIFF(S)

V.

**SUMMONS**

SUEZ WATER ENVIRONMENTAL SERVICES, INC., DEFENDANT(S)

To the above named defendant: SUEZ WATER ENVIRONMENTAL SERVICES, INC.

You are hereby summoned and required to serve upon Terence E. Coles, Pyle Rome Ehrenberg plaintiff's attorney, whose address is 2 Liberty Square, 10th Floor, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the 17th day of February in the year of our Lord two thousand and twenty-two.

A true copy.

Attest:

Barbara Holubecki
Deputy Assistant Clerk

Laura S. Gentile, Esquire
CLERK OF COURTS

Issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used each should be addressed to the particular defendant.

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

**Pyle Rome Ehrenberg PC**

Terence E. Coles
Alfred Gordon O'Connell
Tod A. Cochran
Patrick N. Bryant
Ian O. Russell
James Hykel
G. Alexander Robertson

Warren H. Pyle (1933-2019)
David B. Rome, retired
Betsy Ehrenberg, retired

February 11, 2022

2/14/22 mailed JB

```
Retain for Proof of Payment
Hampden County
50 State Street
Springfield MA      01102
    Receipt 29068        Date
02/14/2022
  Case Number 2279CV00091
  Description 2279CV00091 Nicholls, Jere
miah et al vs. Suez Water Environmental
Services, Inc.
Received From Pyle Rome Ehrenberg

 On Behalf Of Nicholls, Jeremiah
Payment Type   Amount     Reference
SCANNED CHECKS   5.00      7797
Applied Type    Amount
Certificates/Copies/Summons   5.00

       Change    .00
    Balance Due .00
       Clerk EGRASSETTI Trans Date 0
2/14/2022 12:51 PM
Comments
```

et al. v. SUEZ Water Environmental Services, Inc.
Court-2279CV00091

in the amount of $5.00 for a Summons in the above
as inadvertently omitted during EFILING of the Complaint
ase note that I have included a SASE for the return of the

Thank you for your assistance in this matter. Please call if you need any further information.

Sincerely yours,

/s/ Jo Fletcher
Assistant to Terence E. Coles

Enclosures

Mailing Address:

2 Liberty Square, 10th Floor          100 Main Street, 3rd Floor      29 Pine Street                pylerome.com
Boston, MA 02109                      Northampton, MA 01060           Burlington, VT 05401
617.367.7200 (tel)                    413.586.5097 (tel)              802.652.5124 (tel)
617.367.4820 (fax)                    413.584.1529 (fax)              802.652.5125 (fax)



| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>22 0091 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY Hampden Superior Court (Springfield) |

| Plaintiff | JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated | Defendant: | SUEZ WATER ENVIRONMENTAL SERIVES, INC. |
|---|---|---|---|
| ADDRESS: | c/o Pyle Rome Ehrenberg PC | ADDRESS: | 2000 FIRST STATE BLVD<br>WILMINGTON, DE 19804 |

**HAMPDEN COUNTY SUPERIOR COURT FILED FEB 04 2022**

CLERK OF COURTS

| Plaintiff Attorney: | TERENCE E. COLES, ESQ. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | PYLE ROME EHRENBERG PC | ADDRESS: | |
| 2 LIBERTY SQUARE, 10TH FLOOR | | | |
| BOSTON, MA 02109 | | | |
| BBO: | 600084 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | OTHER- M.G.L. c. 149, sections 26-27D | F | ☐ YES  ☒ NO |

*If "Other" please describe:  Failure to pay prevailing wages.

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid prevailing wages-M.G.L. c. 149, sections 26-27D

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

A true copy.
Attest:
*Barbara Holubecki*
Deputy Assistant Clerk

Signature of Attorney/Pro Se Plaintiff: /s/Terence E. Coles    Date: 02/04/2022

provide the case number, case name, and county of any related actions pending in the Superior Court.

2

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of R___ of the Supreme Judicial Court Uniform Rules on Dispute R___ution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X  /s/Terence E. Coles | Date: 02/04/2022 |
|---|---|

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**                                             Superior Court
                                                              Civil Action No. 22 0091

|  |  |
|---|---|
| JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE and RICHARD RUPPERT, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>SUEZ WATER ENVIRONMENTAL SERVICES INC.,<br>      Defendant. | HAMPDEN COUNTY<br>SUPERIOR COURT<br>**FILED**<br><br>FEB 0 4 2022<br><br>*[signature]*<br>**CLERK OF COURTS** |

## COMPLAINT

### I.  INTRODUCTION

1.  This action is brought by Plaintiffs Jeremiah Nicholls, Walter Goodrow, Wesley Dinsmore, and Richard Ruppert on behalf of themselves and a class of employees challenging Defendant SUEZ Water Environmental Services, Inc.'s ("SUEZ") failure to pay the prevailing wage rates required pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26-27D. Plaintiffs seek restitution for themselves and all other similarly situated individuals whom the Defendant has deprived of prevailing wages. The Plaintiffs also seek statutory trebling of all prevailing wage-related damages, as well as attorneys' fees and costs, as provided for by law.

### II.  PARTIES

2.  Plaintiff Jeremiah Nicholls is an adult resident of South Hadley, Massachusetts. Plaintiff Nicholls has worked as a Mechanic/Machinist for Defendant from August 3, 2020 to the present.

3.  Plaintiff Walter Goodrow is an adult resident of Chicopee, Massachusetts. Plaintiff Goodrow has worked as an Operator for Defendant from June 1, 2020 to the present.

4.  Plaintiff Wesley Dinsmore is an adult resident of Ware, Massachusetts. Plaintiff Dinsmore has worked as a Craftsman for Defendant from November 11, 2021 to the present.

5.  Plaintiff Richard Ruppert is an adult resident of Holyoke, Massachusetts. Plaintiff Ruppert has worked as a Machinist/Mechanic for the Defendant from June 2014 to February 2021 and as a Maintenance Foreman for Defendant from February 2021 to the present.

6.  The above-named plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other employees who have been denied prevailing wages by Defendants which they are entitled to.

7.  Defendant SUEZ Water and Environmental Services Inc. is a corporation with a principal place of business at Bondi's Island, Agawam, Massachusetts.

### III.  STATEMENT OF FACTS

8.  The Springfield Water and Sewer Commission (the "Commission") is a public authority that oversees and maintains drinking water and wastewater systems with physical assets located in seven communities in the lower Pioneer Valley, including the Springfield Regional Wastewater Treatment Facility on Bondi's Island in Agawam, Massachusetts (the "Bondi Island Facility").

9.  Pursuant to Chapter 155 of the Acts of 1997 ("Chapter 155"), the Commission is authorized to enter into contracts for the operation of the Bondi Island Facility and, pursuant to Section 6 of Chapter 155, those contracts must comply with the Massachusetts Prevailing Wage Law, M.G.L. c. 149, Sections 26 to 27H.

2

10. On or about July 31, 2019, pursuant to Chapter 155, the Commission issued its Request for Proposals for Wastewater Services to operate the Bondi Island facility ("the RFP").

11. On or about September 13, 2019, the Commission issued Addendum #2 to the RFP. Included in Addendum #2 are the Commonwealth of Massachusetts Prevailing Wage Rates.

12. On or about December 6, 2019, SUEZ submitted its proposal responding to the RFP.

13. On or about February 14, 2020, the Commission determined that SUEZ's proposal was the most advantageous proposal received by the Commission and thereafter commenced contract negotiations.

14. On or about October 1, 2020, the Commission and SUEZ entered into a service contract regarding the operation of the Bondi Island facility that includes Prevailing Wage Rates.

15. From October 1, 2020 to the present, Plaintiffs have performed construction work, for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law.

16. Plaintiffs' construction work for SUEZ at the Bondi Island Facility that must be compensated pursuant to the Massachusetts Prevailing Wage Law includes but is not limited to rebuilding wastewater pumps, installing new pipes and pumps, installing and fixing electrical components that include wire, boxes and lights, fixing and repairing wastewater basin bridges, welding, metal fabrication, driving mechanics and pickup trucks and vans to do their jobs, fixing and repairing broken sidewalks and buildings, concrete, metal and wood, repairing broken metal and PVC lines, deragging and repairing clogged pumps and pipes, installing and repairing dewatering pumps and concrete work demolition and repair and new installation.

17.  From October 1, 2020 to the present, Plaintiffs have not been paid the prevailing wage rates required under the Law for their construction work.

18.  Plaintiffs have made numerous requests to SUEZ to be paid the prevailing wages for their work and SUEZ has repeatedly denied these requests.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

19.  Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 §27, Plaintiffs filed their statutory claims with the Office of the Attorney General. The Office of the Attorney General issued right to sue letters.

## COUNT I

## MASSACHUSETTS PREVAILING WAGE LAW

20.  Defendant's conduct in failing to pay the Plaintiffs the prevailing wage rates, as set forth above, violates the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.  A declaratory judgment that Plaintiffs and similarly situated employees are performing work for Defendant that must be compensated pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149, §§26 through 27D;

2.  Restitution for all damages incurred, and for any lost wages and other benefits that are due to the Plaintiffs and similarly situated employees pursuant to the Massachusetts Prevailing Wage Law, M.G.L. c. 149,§§26 through 27D;

3.  Statutory trebling of damages for any lost wages and other benefits;

4.  The costs of litigation and attorneys' fees and costs;

5.  Any other relief to which the Plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

JEREMIAH NICHOLLS, WALTER GOODROW, WESLEY DINSMORE, and RICHARD RUPPERT,

On behalf of themselves and all others similarly situated,

By their attorneys,

/s/Terence E. Coles
Terence E. Coles, BBO # 600084
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA 02109
(617) 367-7200
tcoles@pylerome.com

Dated: February 4, 2022

A true copy.
Attest:
*Barbara Holubecki*
Deputy Assistant Clerk

5